IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

VICKIE LEANNE GRAHAM,            )
                                 )
            Plaintiff,           )
                                 )
                                 )  Case No. CIV-21-071-KEW
                                 )
COMMISSIONER OF THE SOCIAL       )
SECURITY ADMINISTRATION,         )
                                 )
            Defendant.           )

### OPINION AND ORDER

Plaintiff Vickie Lee Graham, (the "Claimant"), requests judicial review of the decision of the Commissioner of the Social Security Administration, (the "Commissioner"), denying her application for disability benefits under the Social Security Act. The Claimant appeals the Commissioner's decision, asserting that the Administrative Law Judge, ("ALJ"), incorrectly determined she was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case REMANDED to the ALJ for further proceedings.

### Claimant's Background

The Claimant was forty-nine (49) at the time of the ALJ's decision. She has a high school education and has worked in the past as a patient insurance clerk and a claims adjuster. The Claimant alleges that her inability to work began on May 19, 2018. She claims this inability stems from neck and back pain, arthritis,

1

high blood pressure, anxiety, depression, and post-traumatic stress disorder.

## Procedural History

On January 22, 2019, the Claimant applied for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act and for supplemental security income benefits under Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. The Claimant's applications were initially denied and were denied on reconsideration. The Claimant filed a request for a hearing, which was held on May 14, 2020. The hearing was held telephonically due to COVID-19 and was before ALJ Jeffery S. Wolfe. On June 26, 2020, ALJ David W. Engel, on behalf of ALJ Wolfe, entered an unfavorable decision. The Claimant requested review by the Appeals Council and the Council denied such request on February 1, 2021. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ followed the five-step sequential process that the social security regulations use to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] At step two, the ALJ found

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant

2

that the Claimant had the following severe impairments: "chronic pain syndrome; degenerative disc disease of the cervical spine, status-injury to cervical spine with surgery x 2; obesity; history of back pain and knee pain and left carpal tunnel syndrome; depression; anxiety; and posttraumatic stress disorder (PTSD)." (Tr. 19). At step four, the ALJ determined that the Claimant had the following residual functional capacity ("RFC"):

> "[The Claimant can] perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). Specifically . . . the Claimant can stand and walk two hours in an 8-hour workday, sit for 6 hours in an 8-hour workday and lift and carry less than 10 pounds frequently and hold up to 10 pounds occasionally. Frequent use of the hands bilaterally (frequent handling and fingering) and frequent reaching. The claimant is limited to simple routine tsks with routine supervision with only the occasional contact with supervisor or coworkers and no contact with the general public.

(Tr. 21). The ALJ then concluded that this RFC would not allow the Claimant to return to her past relevant work. (Tr. 28). The ALJ then proceeded to step five. At this step she relied on the Vocational Expert's ("VE") testimony and ultimately found that

---

is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

considering claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Claimant can perform. (Tr. 28). Thus, the ALJ found that the Claimant had not been under a disability from May 19, 2018, through the date of the decision. (Tr. 29).

### Errors Alleged for Review

The Claimant only challenges the ALJ's step five findings. Specifically, she asserts that the ALJ did not meet his burden at step five because he failed to address the Claimant's post-hearing objections and rebuttal evidence regarding the VE's testimony.

### Social Security Law and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A).

Judicial review of the Commissioner's final determination is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Comm'r, SSA*, 952 F.3d.

4

1172, 1177 (10th Cir. 2020). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means — and means only — 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) *(*quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01. The Commissioner's decision will stand, even if a court might have reached a different conclusion, as long as it is supported by substantial evidence. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**Consideration of Post-Hearing Objections and Evidence**

The Claimant believes that since the ALJ failed to address the post-hearing objections and rebuttal evidence regarding the VE's testimony, that the ALJ's decision must be reversed. This Court agrees. The ALJ failed to apply the proper legal standards by failing to meaningfully address the objections and explain his

5

reasoning for rejecting them. Therefore, his decision is not supported by substantial evidence and must be reversed.

At the hearing the ALJ asked the VE whether jobs existed in the national economy for an individual with the Claimant's age, education, work experience, and RFC. (Tr. 51-59). The VE identified two sedentary unskilled jobs that this hypothetical individual could perform: document preparer and touch up screener. (Tr. 54-56).Following the hearing, the Claimant's representative submitted a post-hearing memorandum. This memorandum consisted of objections to the VE's testimony and evidence that the Claimant believes shows that the jobs identified by the VE are not unskilled as they are currently performed in the national economy. (Tr. 367-87). The evidence submitted included information from the Department of Labor and a vocational opinion from Paula Santagati, which both parties refer to as the Santagati report. (Tr. 375-76; 386).

The Social Security Regulations state that when a VE is used the Claimant has "the right to review and respond to the VE evidence prior to the issuance of a decision." SSR 96-9p, 1996 WL 374185 (July 2, 1996). The Regulations also specify that the VE's opinion is not binding and "must be weighed along with all other evidence." *Id*. In this case, nothing in the ALJ's opinion indicates that he considered the post-hearing memorandum. In fact, the only mention he ever makes about the memorandum is when he states that he received it and considered it. (Tr. 16). In his

6

step-five analysis he simply states that "based on the testimony of the [VE]" jobs existed in the national economy that the Claimant could perform, therefore a finding of not disabled was appropriate. (Tr. 29). This statement fails to address if he considered the post-hearing objections or evidence at step five, which is the step they are relevant to. From this Court's reading of the ALJ's decision, it is impossible to determine if the ALJ actually considered the submitted objections and evidence as required by the regulations.

The Commissioner asserts that the ALJ is not required to address the Claimant's objections because they were made after the hearing. The Court is unpersuaded by this argument for two reasons. First, the Commissioner asserts that the HALLEX does not require the ALJ to rule on these objections. But the Claimant never asserted that the HALLEX did require the ALJ to do so. The Claimant relied on the language of SSR 96-9p, as discussed above. The Commissioner does not present any evidence or arguments related to SSR 96-9p.

Second, the cases relied on by the Commissioner to support the Commissioner's assertion are not binding on this Court and are factually distinct from the case before this Court. The Commissioner relies on *Brault v. Cov. Sec. Admin.,* 683 F.3d 443 (2d. 2012). In *Brault*, the claimant asserted that once he challenged the VE evidence, that the ALJ must explain why the

challenge was rejected. *Id*. at 448. The Second Circuit assumed that the ALJ did consider the objections and then rejected the Claimant's argument. *Id*.

Here, the Claimant presented objections, as well as evidence, to rebut the VE's testimony. This is unlike the claimant in *Brault* who only presented broad objections. In *Brault*, the Second Circuit also assumed that the ALJ considered the objections. But in this case, the ALJ's limited mention of the evidence is not enough to determine if he considered the evidence that the Claimant presented to rebut the VE's testimony.

The Commissioner also argues that the Claimant has not established any conflicts between the VE's testimony and the Dictionary of Occupational Titles. The Commissioner also contends that the Santagati report is not rebuttal evidence. The Court declines to address these arguments. They amount to nothing more than *post hoc* rationalizations, which this Court cannot use as a basis to affirm the ALJ's decision. *See, e.g., Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir.2007) ("[T]his court may not create or adopt *post-hoc* rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.") [citations omitted]; Allen *v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir.2004) ("Affirming this *post hoc* effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the

8

administrative process."). While the reasons that the Commissioner provides may be persuasive, they were not presented by the ALJ. The ALJ only mentioned the post-hearing objections and evidence one time. (Tr. 17). He provided no explanation or opinion as to his consideration or rejection of this evidence. Therefore, we have no way of knowing that this is what the ALJ intended or thought when he did not discuss the evidence.

Because the ALJ failed to meaningfully address the Claimant's objections to the VE's testimony and her rebuttal evidence, the decision of the Commissioner must be reversed, and the case remanded to the ALJ for further analysis as outlined above.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court, in accordance with the fourth sentence of 42 U.S.C. 405(g), the ruling of the Commissioner of the Social Security Administration should be and is REVERSED and the case is REMANDED for further proceedings consistent with the Opinion and Order.

IT IS SO ORDERED this 27th Day of March, 2023.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE