IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICKIE LEANNE GRAHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 21-cv-71-DES ) |
| CAROLYN COLVIN,[1] Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER AWARDING ATTORNEY FEES
PURSUANT TO 42 U.S.C. § 406(b)**

Before the Court is the Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by Karl Osterhout, counsel for Plaintiff ("Counsel"). (Docket No. 29). The Commissioner has no objection to Counsel's motion. (Docket No. 32). For the reasons set forth below, Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Docket No. 29) is GRANTED, and $17,155.75 is awarded to Counsel pursuant to 42 U.S.C. § 406(b).

I. **Background**

Plaintiff appealed the Commissioner's adverse decision denying her request for benefits. (Docket No. 2). The Court reversed the Commissioner's decision and remanded the case for further proceedings on March 27, 2023. (Docket Nos. 24, 25). As the prevailing party in such action, Plaintiff was awarded $5,000.00 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). (Docket No. 26). On remand, the Commissioner found Plaintiff had been disabled since May 19, 2018, and Plaintiff was awarded past-due benefits in the amount of $68,623.00. (Docket

---

[1] Effective November 30, 2024, Carolyn Colvin, Acting Commissioner of Social Security, is substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d). No further action is necessary to continue this suit by reason of 42 U.S.C. § 405(g).

No. 29-1 at 3). The Commissioner withheld a total of $17,155.75 from Plaintiff's award, which represent 25% of the total past-due benefits awarded, to pay attorney fees. *Id*.

Counsel requests a fee award of $17,155.75, or 25% of the total past-due benefits pursuant to both 42 U.S.C. § 406(b) and the terms of the contingency fee contract between Plaintiff and Counsel. Plaintiff retained Counsel to appeal the Commissioner's adverse decision denying benefits. As part of this engagement, Counsel entered into a contract for compensation with Plaintiff, providing for the payment of a fee equal to 25% of any past-due benefits ultimately awarded to Plaintiff. (Docket No. 29-3). Such contracts are recognized as valid under prevailing case authority. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002).

As an initial matter, the Court finds that Counsel's fee motion was timely filed. A request for fees pursuant to 42 U.S.C. § 406(b) must employ the relief provisions of Fed. R. Civ. P. 60(b)(6) to ensure timeliness. *McGraw v. Barnhart,* 450 F. 3d 493, 505 (10th Cir. 2006). Since Rule 60(b)(6) motions "must be made within a reasonable time," Fed. R. Civ. P. 60(c)(1), a motion for attorney fees made pursuant to 42 U.S.C. § 406(b) must be filed "within a reasonable time of the Commissioner's decision awarding benefits." *McGraw,* 450 F.3d at 505. In this District, "a reasonable time" means within thirty days of issuance of the notice of award unless there is good reason for a lengthier delay. *See, e.g., Harbert v. Astrue,* No. CIV-06-90-SPS, 2010 WL 3238958, at *1 n. 4 (E.D. Okla. Aug. 16, 2010) ("The Court notes here that while no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of a[ward], lengthier delays will henceforth be closely scrutinized for reasonableness, including the reasonableness of efforts made by appellate attorneys to obtain a copy of any notice of award issued to separate agency counsel.") Here, the Commissioner issued the Notice of Award on

December 10, 2024 (Docket No. 29-1 at 1), and Counsel filed his motion for § 406(b) fees 14 days later, on December 24, 2024. (Docket No. 29). The Court thus concludes Counsel was diligent and timely in filing the request for § 406(b) fees.

Regarding the amount of fees requested, "Congress prescribed specific limitations on the amount of fees which may be awarded for representation of Social Security claims." *Wrenn ex rel. Wrenn v. Astrue,* 525 F.3d 931, 932 (10th Cir. 2008). The amount awarded to an attorney for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of the claimant's past-due benefits. *Id*. (citing 42 U.S.C. § 406(b)(1)(A)). Although § 406(b) does not displace contingency-fee arrangements for fees up to 25% of the past-due benefits, § 406(b) nonetheless calls for the Court to function as "an independent check" and review contingency-fee arrangements "to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. Factors relevant to the reasonableness of the fee request include: (1) the character of the representation and the results achieved; (2) whether the attorney engaged in any dilatory conduct or provided substandard representation; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case that a "windfall" to the attorney would result. *Id*. at 808. The attorney has the burden of showing that the requested fee is reasonable, and the Court may require the attorney to submit a record of the hours spent representing the claimant and a statement of the attorney's normal hourly billing rate for non-contingency fee cases. *Id*. at 807-08.

Counsel's requested fee does not exceed either the contractual agreement for 25% of Plaintiff's past-due benefits or the limits of § 406(b). Applying the *Gisbrecht* factors, the Court concludes that the requested fee is reasonable. Counsel secured a fully favorable result for Plaintiff

in the form of a substantial past-due benefits award. Plaintiff's success on appeal also enabled her to obtain $5,000.00 in attorney fees pursuant to the EAJA, which will essentially reduce any amount awarded from her past-due benefits. Moreover, there is no indication that Counsel caused any undue delay in these proceedings or represented Plaintiff in a substandard manner. Finally, the Court has reviewed the contemporaneous time and expense records and finds the time expended to be reasonable and necessary considering the results obtained. These records indicate Counsel spent 34.8 hours of attorney time and 5.3 hours of paralegal time on this matter, which yields an hourly rate of approximately $427.82. The requested fee is not a "windfall" that should be reduced by the Court under *Gisbrecht*, especially considering the fee was contingent and lies near the range of Social Security contingency fee awards in this District. *See, e.g., Wilson v. Kijakazi,* No. CIV-20-202-SPS, 2023 WL 2813623, at *2 (E.D. Okla. Apr. 4, 2023) (unpublished) ($434.22 per hour); *Upchurch v. Comm'r of the Social Security Admin.*, No. CIV-20-245-JFH-SPS, 2023 WL 2700744, at *2 (E.D. Okla. Mar. 13, 2023) (unpublished), *report and recommendation adopted by*, 2023 WL 2692379 (E.D. Okla. Mar. 29, 2023) ($645.00 per hour).

If for any reason the Commissioner may not have sufficient funds on hand to satisfy the $17,155.75 awarded herein, Plaintiff's attorney will have to recover the difference from the Plaintiff herself, not from her past-due benefits. *See Wrenn,* 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference." Moreover, because the amount awarded herein pursuant to § 406(b) exceeds the previously awarded EAJA fees, Plaintiff is entitled to a full refund of the smaller EAJA fee award. *See Gisbrecht*, 535 U.S. at 796 (noting fee awards may be made under both the EAJA and § 406(b),

"but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .") (quotation omitted); *Wrenn*, 525 F.3d at 934 ("If both [EAJA and § 406(b) fees] are awarded, attorneys are required to refund the lesser of the EAJA or § 406(b) fees to the client, they cannot keep both."); *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986) ("To prevent double payment of fees for the same work under both [the EAJA and § 406(b)], however, congress directed that the smaller amount be given to the client.").

IT IS THEREFORE ORDERED that the Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Docket No. 29) is GRANTED, Counsel is awarded $17,155.75 as a reasonable attorney fee pursuant to 42 U.S.C. § 406(b) for Counsel's representation of Plaintiff before this Court, and the Commissioner is authorized to release to Counsel directly the balance of any of Plaintiff's past-due benefits in her possession up to said amount.

IT IS FURTHER ORDERED that upon receipt of the balance of Plaintiff's past-due benefits in the Commissioner's possession, Counsel shall refund to Plaintiff the smaller amount between the EAJA fees previously awarded and the § 406(b) fees awarded herein. *See Weakley,* 803 F.2d at 580.

DATED this 8th day of January, 2025.

_____
D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE